# Exhibit E

**MARTORELL LAW APC**
Eduardo Martorell, State Bar No. 240027
EMartorell@Martorell-Law.com
Christopher A. Rosario, State Bar No. 326436
CRosario@Martorell-Law.com
222 N. Pacific Coast Highway, Suite 1300
El Segundo, CA 90245
Tel: (323) 840-1200; Fax: (323) 840-1300

**ZSR LAW**
Zach Rosenblatt (SBN# 345034)
406 Broadway, #125
Santa Monica CA 90401
Telephone: (310)-529-1213
zachsrosenblatt@gmail.com

*Attorneys for Plaintiff,*
JANE DOE

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| JANE DOE., <br><br> Plaintiff, <br><br> v. <br><br> AMY GRIFFIN, an individual; SAM LANSKY, an individual; PENGUIN RANDOM HOUSE, LLC; DIAL PRESS; DOES 1-50; ROE CORPORATIONS 1-50 <br><br> Defendants, | **Case No.: 26STCV07012** <br><br> **PLAINTIFF JANE DOE'S SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT AMY GRIFFIN'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** <br><br> **Judge:** *Hon. Richard L. Fruin* <br> **Dept:** 307 <br><br> **Action Filed:** March 4, 2026 <br> **Trial Date:** None set |

**PROPOUNDING PARTY:** Defendant, AMY GRIFFIN

**RESPONDING PARTY:** Plaintiff, JANE DOE

**SET NO.:** ONE

---

1

**PLAINTIFF JANE DOE'S SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT AMY GRIFFIN'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

## WRITTEN RESPONSES REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**:

All DOCUMENTS and COMMUNICATIONS between YOU and the New York Times RELATING TO the subject matter of the COMPLAINT (including Exhibit 1 to the COMPLAINT) or The Tell.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

Responding Party objects to this Request as it is vague, ambiguous, overly broad, unduly burdensome.   Objection is further made on the ground that the Request fails to describe with reasonable particularity each item it seeks.  Responding Party objects to the extent this Request seeks to uncover information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Following a diligent search and reasonable inquiry, Responding Party is producing concurrently herewith all non-privileged responsive documents in her possession, custody and control.

Discovery and investigation are continuing. Plaintiff reserves the right to change, modify, or supplement these responses should additional information be ascertained.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

Responding Party objects to the extent this Request seeks to uncover information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Following a diligent search and reasonable inquiry, Responding Party has produced all non-privileged responsive documents in her possession, custody and control.

Discovery and investigation are continuing. Plaintiff reserves the right to change, modify, or supplement these responses should additional information be ascertained.

**PLAINTIFF JANE DOE'S SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT AMY GRIFFIN'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS and COMMUNICATIONS between YOU and any PERSON who identified YOU as "Claudia" or in any other capacity in The Tell.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Responding Party objects to this Request as it is vague, ambiguous, overly broad, unduly burdensome.   Objection is further made on the ground that the Request fails to describe with reasonable particularity each item it seeks.  Responding Party objects to the extent this Request seeks to uncover information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

After a reasonable and diligent search, Plaintiff will not produce responsive documents because JANE DOE does not possess any written documents or communications responsive hereto. To the extent documents or communications are found to exist, Plaintiff will produce responsive documents within her custody, possession or control.

Discovery and investigation are continuing. Plaintiff reserves the right to change, modify, or supplement these responses should additional information be ascertained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Responding Party objects to the extent this Request seeks to uncover information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Following a diligent search and reasonable inquiry, Responding Part is unable to comply with the request as the category of documents never existed.

Discovery and investigation are continuing. Plaintiff reserves the right to change, modify, or supplement these responses should additional information be ascertained.

**REQUEST FOR PRODUCTION NO. 3**:

All DOCUMENTS and COMMUNICATIONS between YOU, on the one hand, and DOMINIQUE PRICE, DOE 1, and/or DOE 2, on the other hand.

3

**PLAINTIFF JANE DOE'S SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT AMY GRIFFIN'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Responding Party objects to this Request as it is vague, ambiguous, overly broad, unduly burdensome.   Objection is further made on the ground that the Request fails to describe with reasonable particularity each item it seeks.  Responding Party objects to the extent this Request seeks to uncover information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

After a reasonable and diligent search, Plaintiff will not produce responsive documents because JANE DOE does not possess any written documents or communications with DOMINQUE PRICE, DOE 1 and/or DOE 2. To the extent they are found to exist, Plaintiff will produce responsive documents or communications within her custody, possession or control.

Discovery and investigation are continuing. Plaintiff reserves the right to change, modify, or supplement these responses should additional information be ascertained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Responding Party objects to the extent this Request seeks to uncover information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Following a diligent search and reasonable inquiry, Responding Part is unable to comply with the request as the category of documents are no longer accessible because they took place using an old smartphone that Plaintiff no longer possesses.

Discovery and investigation are continuing. Plaintiff reserves the right to change, modify, or supplement these responses should additional information be ascertained.

**REQUEST FOR PRODUCTION NO. 4**:

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR meeting with GRIFFIN in Palm Springs, California in or around 2019 as described in the COMPLAINT.

**PLAINTIFF JANE DOE'S SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT AMY GRIFFIN'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Responding Party objects to this Request as it is vague, ambiguous, overly broad, unduly burdensome.   Objection is further made on the ground that the Request fails to describe with reasonable particularity each item it seeks.  Responding Party objects to the extent this Request seeks to uncover information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

After a reasonable and diligent search, Plaintiff will not produce responsive documents because JANE DOE does not possess any written documents or communications with GRIFFIN relating to the Palm Springs meeting. To the extent they are found to exist, Plaintiff will produce responsive documents within her custody, possession or control. Discovery and investigation are continuing. Plaintiff reserves the right to change, modify, or supplement these responses should additional information be ascertained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Responding Party objects to the extent this Request seeks to uncover information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Following a diligent search and reasonable inquiry, Responding Part is unable to comply with the request as the category of DOCUMENTS are no longer able to be located by Plaintiff because she believes she either disposed of them prior to the release of "The Tell" or cannot locate them.

Discovery and investigation are continuing. Plaintiff reserves the right to change, modify, or supplement these responses should additional information be ascertained.

**REQUEST FOR PRODUCTION NO. 5**:

Promotional flyer YOU allegedly received from GRIFFIN during YOUR meeting with GRIFFIN in Palm Springs, California in or around 2019 as described in the COMPLAINT.

5

**PLAINTIFF JANE DOE'S SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT AMY GRIFFIN'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Responding Party objects to this Request as it is vague, ambiguous, overly broad, unduly burdensome.  Responding Party objects to the extent this Request seeks to uncover information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

After a reasonable and diligent search, Plaintiff will not produce responsive documents because Plaintiff did not locate the promotional flyer from the meeting in Palm springs. To the extent it is found to exist, Plaintiff will produce responsive documents within her custody, possession or control.

Discovery and investigation are continuing. Plaintiff reserves the right to change, modify, or supplement these responses should additional information be ascertained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Responding Party objects to the extent this Request seeks to uncover information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Following a diligent search and reasonable inquiry, Responding Part is unable to comply with the request as the category of documents are no longer able to be located by Plaintiff because she believes she either disposed of them prior to the release of "The Tell" or cannot locate them.

Discovery and investigation are continuing. Plaintiff reserves the right to change, modify, or supplement these responses should additional information be ascertained.

**REQUEST FOR PRODUCTION NO. 6:**

Any receipt or other proof or documentation of purchase for YOUR purchase of the audio version of The Tell.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Responding Party objects to this Request as it is vague, ambiguous, overly broad, unduly burdensome.   Responding Party objects to the extent this Request seeks to uncover information protected by the attorney-client privilege and/or work product doctrine.

**PLAINTIFF JANE DOE'S SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT AMY GRIFFIN'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Following a diligent search and reasonable inquiry, Responding Party is producing concurrently herewith all non-privileged responsive documents in its possession, custody and control.

Discovery and investigation are continuing. Plaintiff reserves the right to change, modify, or supplement these responses should additional information be ascertained.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Responding Party objects to the extent this Request seeks to uncover information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Following a diligent search and reasonable inquiry, Responding Party has produced all non-privileged responsive documents in its possession, custody and control.

Discovery and investigation are continuing. Plaintiff reserves the right to change, modify, or supplement these responses should additional information be ascertained.

**REQUEST FOR PRODUCTION NO. 7:**

All notes, memoranda, summaries, journals, diary entries, or other DOCUMENTS that YOU prepared before, during, or following any of YOUR meetings with GRIFFIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Responding Party objects to this Request as it is vague, ambiguous, overly broad, unduly burdensome, in that it requests "all" of various categories of documents. Responding Party objects to this Request on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Objection is further made on the ground that the Request fails to describe with reasonable particularity each item it seeks. Responding Party objects to the extent this Request seeks to uncover information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

7

**PLAINTIFF JANE DOE'S SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT AMY GRIFFIN'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

Responding Party has conducted a diligent search and reasonable inquiry and will produce any non-privileged documents in its possession, custody, or control that are responsive to this request.

Discovery is ongoing, and Responding Party reserves the right to supplement this response should additional responsive, non-privileged documents become available.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Responding Party objects to the extent this Request seeks to uncover information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party has conducted a diligent search and reasonable inquiry is producing concurrently herewith all non-privileged documents in its possession, custody, or control that are responsive to this request.

Discovery is ongoing, and Responding Party reserves the right to supplement this response should additional responsive, non-privileged documents become available.

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS sufficient to show YOUR conversations, meetings, or communications with GRIFFIN, DOMINIQUE PRICE, DOE 1, and/or DOE 2 were recorded or transcribed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding Party objects to this Request as it is vague, ambiguous, overly broad, unduly burdensome.   Objection is further made on the ground that the Request fails to describe with reasonable particularity each item it seeks.  Responding Party objects to the extent this Request seeks to uncover information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party has conducted a diligent search and reasonable inquiry and will produce any non-privileged documents in its possession, custody, or control that are responsive to this request.

**PLAINTIFF JANE DOE'S SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT AMY GRIFFIN'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

Discovery is ongoing, and Responding Party reserves the right to supplement this response should additional responsive, non-privileged documents become available.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding Party objects to the extent this Request seeks to uncover information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party has conducted a diligent search and reasonable inquiry is producing concurrently herewith all produce any non-privileged documents in its possession, custody, or control that are responsive to this request.

Discovery is ongoing, and Responding Party reserves the right to supplement this response should additional responsive, non-privileged documents become available.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR contention that YOU were coerced or otherwise involuntarily induced into speaking, communicating, or otherwise interacting with DOE 1 and DOE 2.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party objects to this Request as it is vague, ambiguous, overly broad, unduly burdensome.   Objection is further made on the ground that the Request fails to describe with reasonable particularity each item it seeks.  Responding Party objects to the extent this Request seeks to uncover information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

After a reasonable and diligent search, Plaintiff will not produce responsive documents because JANE DOE does not possess or control any written documents or communications with DOE 1 and/or DOE 2. To the extent they are found to exist, Plaintiff will produce responsive documents within its custody, possession or control.

**PLAINTIFF JANE DOE'S SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT AMY GRIFFIN'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

Discovery and investigation are continuing. Plaintiff reserves the right to change, modify, or supplement these responses should additional information be ascertained.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party objects to the extent this Request seeks to uncover information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Following a diligent search and reasonable inquiry, Responding Party has produced all non-privileged responsive documents in her possession, custody and control.

Discovery and investigation are continuing. Plaintiff reserves the right to change, modify, or supplement these responses should additional information be ascertained.

**REQUEST FOR PRODUCTION NO. 10:**

Any invoice or proof of documentation reflecting that YOU consulted with YOUR attorney in or around 2022 RELATING TO YOUR meetings with DOMINQUE PRICE, DOE 1, and/or DOE 2 as described in the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Responding Party objects to this Request as it is vague, ambiguous, overly broad, unduly burdensome.  Objection is further made on the ground that the Request fails to describe with reasonable particularity each item it seeks.  Responding Party objects to the extent this Request seeks to uncover information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

After a reasonable and diligent search, Plaintiff will not produce responsive documents because JANE DOE does not possess any written documents with her attorney in or around 2022. To the extent they are found to exist, Plaintiff will produce responsive documents within her custody, possession or control.

Discovery and investigation are continuing. Plaintiff reserves the right to change, modify, or supplement these responses should additional information be ascertained.

**PLAINTIFF JANE DOE'S SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT AMY GRIFFIN'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Responding Party objects to the extent this Request seeks to uncover information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Following a diligent search and reasonable inquiry, Responding Part is unable to comply with the request as the category of documents never existed given these conversations were oral.

Discovery and investigation are continuing. Plaintiff reserves the right to change, modify, or supplement these responses should additional information be ascertained.


DATED: June 10, 2026                                 **ZSR LAW**

                                                             /s/ Zach Rosenblatt
                                                     Zach Rosenblatt
                                                     ZSR LAW
                                                     *Attorney for Plaintiff,*
                                                     JANE DOE

---

11

**PLAINTIFF JANE DOE'S SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT AMY GRIFFIN'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**