Mitchell J. Langberg, Nevada Bar #10118
Thomas A. Clare, P.C.*
Elizabeth M. Locke, P.C.*
Eric D. Hageman*
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
202-628-7401
mitch@clarelocke.com
tom@clarelocke.com
libby@clarelocke.com
eric.hageman@clarelocke.com
*Appearing Pro Hac Vice

*Attorneys for Plaintiff*
*Amy Griffin*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Amy Griffin,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>Joleene Altum,<br><br>　　　　Defendant. | Case No.: 2:26-cv-01811-GMN-DJA<br><br><br>**PLAINTIFF'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE OF DOCUMENTS FILED IN RELATED CASE DOE V. GRIFFIN CASE NO. 26STCV07012** |

Plaintiff Amy Griffin, by and through her counsel of record, Clare Locke LLP, hereby submits this Opposition to Defendant Joleene Altum's Request for Judicial Notice.

Ms. Altum asks this Court to take judicial notice under Federal Rule of Evidence 201 of seven documents filed in a separate lawsuit, *Doe v. Griffin*, No. 26STCV07012 (Cal. Super. Ct. L.A. Cnty.).

While proceedings in other courts are matters that may be the subject of judicial notice under FRE 201, notice is only proper "if those proceedings have a direct relation to matters at issue" in the current matter. *Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F3d 983, 991, n.8 (9th Cir. 2012).  As discussed below, as it relates to Ms. Altum's motion for *forum non conveniens* and *Colorado River* abstention, other than the first item in Ms. Griffin's request—the Complaint in the California litigation—none of Ms. Altum's requests for judicial notice are relevant.  Therefore, Mrs. Griffin opposes each of them.

**Judicial notice is proper to establish the existence of filings in another proceeding, but not the truth of the contents of such filings.** Rule 201 permits notice only of facts "not subject to reasonable dispute." Fed. R. Evid. 201(b).  Ms. Altum concedes as much, representing that she seeks judicial notice of the California filings "for the fact of their filing … not for the truth of any disputed factual assertions contained in those materials."  Nor could Ms. Altum ask for more.  A court may take "judicial notice of the existence of [such] documents [but] not for the truth of any disputed facts therein." *Soffer v. Five Mile Cap. Partners, LLC*, No. 2:12-CV-1407 JCM GWF, 2013 WL 638832, at *5 (D. Nev. Feb. 19, 2013).

**Only the California Complaint (RJN 1) is relevant to Ms. Altum's motion.** Ms. Altum's motion seeks to dismiss this case based on the doctrine of *forum non conveniens* or to stay the case based on *Colorado River* abstention.  The fact of the filing of her Complaint in California and the causes of action she asserts in that pleading are obviously relevant to this Court's determination of her motion.  Therefore, Mrs. Giffin has no objection to the Court taking judicial notice of the fact and scope of Ms. Altum's Complaint—without regard to its merits.

But she also asks the Court to judicially notice the Answer filed by ***other parties*** (RJN 2), her own opposition to Ms. Griffin's demurrer and anti-SLAPP motion (RJN 3 and 4), her opposition to ***other parties'*** anti-SLAPP motions (RJN 5), a third party's

declaration regarding events described in Mrs. Griffin's book (RJN 6), and a host of evidence Ms. Altum submitted in the California case (RJN 7).

Even if Ms. Altum intended her request for judicial notice to be limited to the fact of the filing these documents and their existence—and not for the truth of their contents—they have no relevance to her current motion.

In her Request for Judicial Notice, Ms. Altum claims these documents are relevant to her motion because the "bear directly on the scope, procedural posture, overlap of issues, and adequacy of the California proceedings." But none of that is at issue.

First, as to her *forum non conveniens* argument, the only potentially relevant argument pertaining to the alleged scope and overlap of issues is her claim that Mrs. Griffin's claims for defamation are compulsory counterclaim. However, as set forth more fully in Mrs. Griffin's opposition to Ms. Altum's motion to dismiss, California's compulsory counterclaim rule does not apply unless and until Mrs. Griffin files an Answer. Cal. Code Civ. Proc. 426.30(b)(2).

Second, as to her *Colorado River* argument, her own motion reveals that it is the allegations of her California Complaint that demonstrates (she claims) that the state case will resolve all issues. And, as set out more fully in Griffin's opposition, the issue in *Colorado River* is whether the **claims** are substantially similar—so much so that the state proceeding will end the litigation. The nature of the claims in both California and here is no secret. The claims and the basis for them are laid out extensively in the respective complaints. The alleged evidentiary support for Ms. Altum's position as set out in the extensive evidence she offers in her request for judicial notice are not relevant to this Court's *Colorado River* analysis.

For these reasons, Griffin respectfully requests that the Court deny the request as to Exhibits 2 through and 7.

3

DATED this 20th day of July, 2026.

Respectfully submitted,

CLARE LOCKE LLP

By: */s/ Mitchell J. Langberg*
      Mitchell J. Langberg (#10118)
      Thomas A. Clare *
      Elizabeth M. Locke*
      Eric D. Hageman*
      *Appearing Pro Hac Vice*

      *Attorneys for Plaintiff*
      *Amy Griffin*

      LR IA 11-1(b)(2) Designation (for service only):

      Travis Chance, Esq.
      BROWNSTEIN HYATT FARBER SCHRECK, LLP
      100 North City Parkway, Suite 1600
      Las Vegas, Nevada 89106
      Telephone: 702-464-7096
      Facsimile: 702-382-8135
      Email: tchance@bhfs.com

4