

CHRISTOPHER M. KELLER, ESQ.
Nevada Bar No. 7399
**HAWKINS MELENDREZ, P.C.**
1645 Village Center Circle, Suite 160
Las Vegas, Nevada 89134
Phone: (702) 318-8800
Fax: (702) 318-8801
ckeller@hawkinsmelendrez.com
*Attorneys for Joleene Altum*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Amy Griffin,

          Plaintiff,

    v.

Joleene Altum,

          Defendant.

Case No. 2:26-cv-01811-GMN-DJA

**REPLY IN SUPPORT OF MS. ALTUM'S MOTION TO DISMISS OR STAY PURSUANT PRINCIPLES OF COLORADO RIVER**

COMES NOW, Defendant Joleene Altum, by and through her attorney of record, CHRISTOPHER M. KELLER, ESQ., of the law firm of HAWKINS MELENDREZ, P.C., and hereby presents the following Reply in Support of Defendant's Motion to Dismiss.

DATED this 27th day of July 2026.

          **HAWKINS MELENDREZ, P.C.**

          */s/ Christopher M. Keller*
          CHRISTOPHER M. KELLER, ESQ.
          Nevada Bar No. 7399
          1645 Village Center Circle, Suite 160
          Las Vegas, Nevada 89134

## I. INTRODUCTION

Ms. Griffin's Opposition should be denied because it arises out of the exact same nucleus of facts as in the California case. Plaintiffs attempt to fragment the cases in numerous ways- for example they describe the cases as potentially having "some" overlap. Nevertheless, the factual basis and factual predicate remains the same: both this action and the California action arise from the same nucleus of operative facts: (1) events in Amarillo, Texas in the 1980s; (2) the creation and publication of *The Tell,* including but not limited to the 2019 meeting; (3) the September 24, 2025 *New York Times* article; and (4) the parties' competing accounts of whether Ms. Griffin appropriated Ms. Altum's trauma as her own after taking illegal psychedelic drugs. As such, both cases require a factfinder to resolve the same threshold questions: (i) whether Ms. Altum is the real-life basis for "Claudia," and (ii) whether the central events recounted in *The Tell* happened to Ms. Griffin or to Ms. Altum.

In her opposition, Ms. Griffin's main contention rests on a timing argument: Griffin argues because she has not yet filed an answer in California, Cal. Civ. Proc. Code § 426.30- the compulsory counterclaim statute- does not compel her to bring these claims as a cross-complaint there. Opp. at 4–5. However, that argument, even if correct on its own terms, answers the wrong question. Section 426.30 is a claim-preclusion statute; it says nothing about whether this Court-*in this case*-should exercise its discretion to stay or dismiss a second-filed action that duplicates a pending one.

Moreover, Ms. Griffin's own authority, *Minna v. Washer*, cuts against her. In that case, the Court held that § 426.30 did not bar the plaintiff's federal claims on timing grounds — and then nevertheless stayed the action anyway under *Colorado River*, because the federal suit "aris[ing] out of the same nucleus of facts" as the pending state case was, in the court's words, "an obvious attempt to conduct collateral litigation in federal court in an attempt to influence the state court proceeding." *Minna v. Washer*, No. SACV 09-1373 DOC (ANx), 2010 WL 11595820, at *6 (C.D. Cal. May 5, 2010) (hereinafter "Minna"). As such, Ms. Griffin cites *Minna* for a part of its holding, but then purposely ignores the other half that defeats her in this very case. This is telling.

Moreover, whether or not § 426.30 formally applies, dismissal or a stay remains warranted because a second suit here would duplicate the California controversy, and because the policies underlying Rule 13, § 426.30, and *Colorado River* all point toward resolving related claims in one forum.

For these main reasons and the reasons therein, Griffins Action should be dismissed or stayed. . . .

REPLY TO MOTION TO DISMISS

## II. ARGUMENT

### A. Ms. Griffin's Timing Argument Does Not Defeat Dismissal or Stay.

Ms. Griffin argues that because "it is undisputed that [she] has not filed an answer to the California complaint," therefore § 426.30 does not apply. Opp. at 4 (citing *Abbott v. Okoye*, 364 F. App'x 327, 329 (9th Cir. 2010); *Minna*, 2010 WL 11595820, at *5). While that may arguably address a portion of the statutory compulsory-cross-complaint question, it does not address the controlling issue of whether this Court should stay or dismiss a duplicative second-filed action under *Colorado River* and its progeny.

Nevertheless, the Court in *Minna*- an authority on which Griffin relies- forecloses Ms. Griffin's attempt to conflate the two doctrines at hand (between compulsory counterclaims and Colorado river). There, the defendants argued that § 426.30 barred the plaintiff's federal claims outright. The court disagreed, holding that section 426.30 does not apply as Plaintiff had not filed an answer in the state court action at the time she filed her complaint in this lawsuit. *Minna*, 2010 WL 11595820, at *5 (federal filing occurring more than a year later and half after the first).

But that ruling did not end the inquiry. The <u>Court then proceeded to grant a stay under</u> <u>*Colorado River*</u>, reasoning that the federal claims were sufficiently related to the pending claims in the state court proceeding and that adjudicating them separately risked conflicting judgments" and undermined judicial efficiency and comity. *Id.* at *4–*5. ("it is worth noting how intertwined the federal claim is with the pending state proceeding").The Court further found that the plaintiff's decision to file a related but distinct federal suit, rather than pursue the same claims as a cross-complaint in the pending state action, was itself evidence of forum shopping — stating "the instant action is an extension of the other one and is an obvious attempt to conduct litigation in federal court in an a attempt to influence the state court[1] proceeding." *Id.* at *5.

The parallel here is directly on point. On April 14, 2026 Ms. Griffin voluntarily appeared in California, litigated discovery and motion practice there for months, and then — with her anti-SLAPP motion and demurrer pending, Opp. at 2 — filed a separate defamation suit in a different forum built on the same underlying dispute and the same underlying facts. (See Supra Section I).

As in *Minna*, the timing of Ms. Griffin's answer (or lack of one) does not change the fact that both cases- being "intertwined"- require resolution of the same operative facts. If timing alone controlled, any litigant could evade the policies behind compulsory-counterclaim and abstention

---

[1] Here we also note that Jane Doe, in the California Action ,applied for a fee a waiver. As such Doe contends that this federal lawsuit is not only forum shopping, but a deliberate attempt by Grffin, a billionaire, to splice and scatter all of Doe's resources in duplicate litigation.

REPLY TO MOTION TO DISMISS

doctrines simply by racing to file a second suit before answering the first. Neither § 426.30 nor *Colorado River* seeks, encourages, and intends that result. *Flickinger v. Swedlow Eng'g Co.*, 45 Cal. 2d 388, 393 (1955) (compulsory-cross-complaint doctrine exists because "[t]he law abhors a multiplicity of actions, and the obvious intent of the Legislature in enacting the counterclaim statutes ... was to provide for the settlement, in a single action, of all conflicting claims between the parties arising out of the same transaction......Thus, a party cannot by negligence or design withhold issues and litigate them in successive actions; he may not split his demands or defenses; he may not submit his case in piecemeal fashion.").

Again, instead of dealing with the matter head on, Ms. Griffin asserts-in conclusory fashion-that her defamation claims and Ms. Altum's California claims — despite arising from the same events that form the basis of the book, the same book, the same New York Times article, and the same facts — have "virtually no overlap." Opp. at 15 and according to Griffin, do not arise from the "same transaction". *Id.*

However, that assertion cannot be squared with the substance of Ms. Griffin's own claims. Truth is a complete defense to defamation, and the truth or falsity of Ms. Altum's statements to the *Times* turns on the same nucleus of facts at the center of the California action: whether Ms. Altum is the basis for "Claudia" and whether the events recounted in *The Tell* happened to her. Far from having "virtually no overlap," the two cases overlap completely-or almost completely-on the factual questions each court must resolve. Ms. Griffin's conclusory characterization, offered without acknowledging that shared factual basis, is insufficient to establish that the actions are truly "separate".

**B. Absent a Stay, This Action Will Duplicate the California Controversy.**

Ms. Griffin insists that the California court can and will dispose of [Ms. Altum's] claims without deciding [Ms. Griffin's] defamation claims- Opp. at 2,-and that the two cases share only "general subject matter," not the same operative facts, Opp. at 5. However, that characterization does not survive scrutiny of what each case will actually require the respective courts to decide.

Again, both actions turn on the same threshold factual disputes: (1) whether Ms. Altum is the real person behind "Claudia," ; (2) whether the abuse described in *The Tell* happened to Ms. Altum rather than Ms. Griffin, and; (3) whether Ms. Griffin's account of recovering those memories was accurate or fabricated. Ms. Griffin's own Opposition concedes as much, framing the "core dispute" in both cases as "Griffin's alleged use of Altum's childhood trauma and life story as the basis for *The Tell*." Opp. at 1–2.

Thus, absent a stay, the same set of facts will be litigated twice. Ms. Griffin's Nevada claims turn on the same operative facts as the California action, requiring the same witnesses (including the Amarillo classmates and school personnel identified in both sets of pleadings), the same documentary evidence, and the same credibility findings regarding the parties' competing accounts. And if this action proceeds, Ms. Altum will be compelled to protect her interests by asserting her own claims as counterclaims here — producing a mirror image of the California case in this Court. Either way, litigating the same questions in two courts risks inconsistent findings on the very facts each court must resolve, wastes judicial resources, and needlessly multiplies the cost of discovery and motion practice for both parties.

Ms. Griffin is also wrong that *Colorado River* parallelism requires identical causes of action. As the Ninth Circuit has held, "exact parallelism . . . is not required" — only "substantial similarity of claims." *Seneca Ins. Co. v. Strange Land, Inc.*, 862 F.3d 835, 845 (9th Cir. 2017) (citation omitted); *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989). Ms. Griffin notes this exact standard in her own Opposition, Opp. at 14, yet asks this Court to ignore it in practice by treating the difference in legal labels — privacy tort, infliction of emotional distress (Altum/Doe's Claims) versus defamation (Griffin's claim) — as dispositive. It is not. The elements may differ, but the factual predicate beneath them does not. And it is the factual predicate that will govern discovery, motion practice, Ms. Altum's compulsory counterclaims, and trial in both forums.

### C. Policy Favors Resolving This Dispute in a Single Forum.

The policies underlying Rule 13, California's compulsory cross-complaint statute, and *Colorado River* all point toward the same conclusion: related claims belong in one forum, not fractured across two. *Colorado River* abstention exists precisely because piecemeal litigation of the same controversy wastes judicial resources and risks conflicting rulings. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

## III. CONLUSION

For these reasons Griffin's complaint should be dismissed or stayed.

DATED this 27th day of July 2026.

**HAWKINS MELENDREZ, P.C.**

*/s/ Christopher M. Keller*
CHRISTOPHER M. KELLER, ESQ.
Nevada Bar No. 7399
1645 Village Center Circle, Suite 160
Las Vegas, Nevada 89134
*Attorneys for Jane Doe*

REPLY TO MOTION TO DISMISS

## CERTIFICATE OF SERVICE

Pursuant to Federal Rules of Civil Procedure 5(b), I hereby certify that on the 27th day of July 2026, I served a true and correct copy of the foregoing **REPLY IN SUPPORT OF MS. ALTUM'S MOTION TO DISMISS OR STAY PURSUANT PRINCIPLES OF COLORADO RIVER** by electronically filing and served upon all parties and counsel of record appearing on the Court's electronic service list through the Court's electronic filing and service system.

/s/ Donna Simpson
An employee of Hawkins Melendrez, P.C.

REPLY TO MOTION TO DISMISS