Mitchell J. Langberg, Nevada Bar No. 10118
Thomas A. Clare, P.C.*
Elizabeth M. Locke, P.C.*
Eric D. Hageman*
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
(202) 628-7401
mitch@clarelocke.com
tom@clarelocke.com
libby@clarelocke.com
eric.hageman@clarelocke.com
* *Appearing* Pro Hac Vice

*Attorneys for Plaintiff*
*Amy Griffin*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Amy Griffin<br><br>Plaintiff,<br><br>vs.<br><br>Joleene Altum,<br><br>Defendant. | Case No.: 2:26-cv-01811-GMN-DJA<br><br>**PLAINTIFF'S MOTION TO EXTEND THE BRIEFING SCHEDULE ON DEFENDANT'S SPECIAL MOTION TO STRIKE BY 60 DAYS TO CONDUCT DISCOVERY PURSUANT TO FED. R. CIV. P. 56(d) AND LR IA 6-1 *ON ORDER SHORTENING TIME*** |

Pursuant to Ninth Circuit authority governing anti-SLAPP motions in federal court, Plaintiff Amy Griffin respectfully moves for an order extending her deadline to oppose Defendant Jolene Altum's Special Motion to Strike (ECF No. 32) by 60 days to October 30, 2026. This extension of time is necessary so that Mrs. Griffin can conduct discovery to respond to Defendant's motion.

## I. INTRODUCTION AND FACTUAL BACKGROUND

Ms. Altum told *The New York Times*—and through it, the world—that Amy Griffin stole Ms. Altum's story of childhood sexual abuse and built her bestseller on it. The Complaint alleges that that accusation is false. Ms. Altum now asks this Court to end Mrs. Griffin's case before Mrs. Griffin can prove as much, without a single document produced, a single deposition taken, or a single fact developed. The Court should not oblige her. Controlling precedent entitles Mrs. Griffin to conduct discovery into, among other things, Ms. Altum's mental state and knowledge of the falsity of her claims.

Among other things, Ms. Altum told the *Times* that in 2022, a man named Dominique Price, working for Mrs. Griffin, contacted Ms. Altum and coaxed from her the story of sex abuse that Mrs. Griffin later published in *The Tell*. Compl. ¶¶. 2, 4. Ms. Altum later filed a lawsuit against Mrs. Griffin in California and has produced limited documentary evidence in discovery in that matter. Compl. ¶ 56 & n.16.

In this action, Ms. Altum filed a Special Motion to Strike under Nevada's anti-SLAPP statute, NRS 41.660 (the "Motion") (ECF No. 32). Ms. Altum does not merely challenge the legal sufficiency of the Complaint. She alternatively asks the Court to resolve the Motion "under the Rule 56 standard" and to hold that Mrs. Griffin "cannot prove falsity or actual malice by clear and convincing evidence." Mot. at 13, 15. In support, she submits her own declaration and declarations of four nonparty witnesses (William Jennings, Tonya VanDenBosch, LaRhonda Barnett, and Jody Shelton). Mot. at 4, 10–15. She has also signaled her intent to offer expert testimony challenging Mrs. Griffin's competency under Federal Rule of Evidence 602. *See* Mot. at 3, 13-14.

Nevada's anti-SLAPP statute establishes a two-prong framework. Under the first prong, the court determines whether the moving party has established that the claim is based upon a "good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern." NRS 41.660(3)(a). The communication must also be "truthful" or "made without knowledge of its falsehood." NRS 41.637. If the movant carries that burden, the analysis proceeds to the second prong, under which the burden shifts to the plaintiff to demonstrate "with prima facie evidence a probability of prevailing on the claim." NRS 41.660(3)(b).

The parties held a Rule 26(f) conference on August 5, 2026, and the discovery period is currently open. Consistent with controlling Ninth Circuit authority and Rule 56(d), Mrs. Griffin seeks to extend the time to oppose Ms. Altum's motion in order to allow Mrs. Griffin to conduct discovery material to the issues raised by the Motion. Mrs. Griffin's opposition to the Motion is currently due August 31, 2026, which does not provide sufficient time to conduct depositions or obtain discovery bearing on the issues Ms. Altum raises.

On August 22, 2026, Mrs. Griffin's counsel sent Ms. Altum's counsel a detailed letter identifying the discovery Mrs. Griffin requires to test Ms. Altum's evidence and to develop her own, and proposing a 60-day discovery period. Ex. 1 (Aug. 22, 2026 Ltr.). Ms. Altum's counsel responded, declining to meet and confer and refusing to stipulate to extend the briefing to allow for discovery. Ex. 2.

## II. LEGAL STANDARD

Because an anti-SLAPP motion that challenges the factual sufficiency of a claim must be "treated as though it were a motion for summary judgment," the Ninth Circuit has held that "discovery must be allowed, with opportunities to supplement evidence based on the factual challenges, before any decision is made by the court." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833–34 (9th Cir. 2018); *see also Sternberg v. Warneck*, No. 2:23-CV-01466-APG-EJY, 2025 WL 1489701, at *2 (D. Nev. May 22, 2025).

Nevada state courts recognize the same rule when a fact-based special motion to strike is filed. *See Toll v. Wilson*, 135 Nev. 430, 453 P.3d 1215 (2019); *Wynn v. Nielsen*, No. 83791, 2023 WL 8886437 (Nev. Dec. 22, 2023). Federal courts must refer to Rule 56(d) and related federal caselaw, and not Nevada's anti-SLAPP statute, in determining whether to allow discovery before ruling on an anti-SLAPP motion. *Sternberg*, 2025 WL 1489701, at *3. Accordingly, Nevada's anti-SLAPP statute, contains some limitations on discovery under these circumstances, but those limitations "directly collide[]" with the discovery-permitting provisions of Federal Rule of Civil Procedure 56 and therefore do not apply in federal court. *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 845–46 (9th Cir. 2001).

"[R]ules for anti-SLAPP motions to strike apply in federal court regardless of whether a Plaintiff challenges the first or second step of the anti-SLAPP analysis," and "courts are entitled to rely on extrinsic evidence regardless of whether the challenge is on the first step, second step, or both steps." *Gunn v. Drage*, 65 F.4th 1109, 1120 (9th Cir. 2023). Ms. Altum's motion relies on the kind of extrinsic evidence addressed in *Gunn*, so Mrs. Griffin is entitled to discovery regardless of which prong of the anti-SLAPP analysis Ms. Altum invokes.

Time for adequate discovery should be allowed where, as here, the anti-SLAPP motion relies on the defendant's knowledge and mental state. A defendant "cannot … automatically insure a favorable verdict by testifying that he published with a belief that the statements were true"; a plaintiff is instead "entitled to prove the defendant's state of mind through circumstantial evidence." *St. Amant v. Thompson*, 390 U.S. 727, 732 (1968); *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 668 (1989). Summary judgment may not be granted where "the nonmoving party has not had the opportunity to discover information that is essential to its opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986). Courts are especially reluctant to end a case on a factual record built entirely by the movant when the disputed facts concern "motive, intent, knowledge[,] or credibility and the moving party has exclusive control

over those facts." *Am. Dental Ass'n v. Khorrami*, No. CV 01-4763, 2002 WL 32875154, at *6 (C.D. Cal. Nov. 18, 2002); *accord Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 981, 985 (C.D. Cal. 1999).

## III. ARGUMENT

Ms. Altum's Motion includes a factual challenge she asks the Court to resolve under Rule 56, that turns on evidence that only she and third parties possess. Each category of discovery Mrs. Griffin seeks responds directly to a factual assertion Ms. Altum puts at issue.

### A. Ms. Altum's Motion Includes a Fact-Based Challenge that Triggers the Right to Discovery.

Ms. Altum does not ask the Court to test the Complaint's allegations on their face. She asks the Court to weigh evidence—her own declaration and those of four nonparty witnesses—and to find that Mrs. Griffin cannot meet her burden "by clear and convincing evidence." Mot. at 13, 15. That is, by her own characterization, a Rule 56 motion. *Cf. Planned Parenthood*, 890 F.3d at 833–34. Under *Planned Parenthood* and *Metabolife*, that characterization concedes that "discovery must be allowed." *Id.* at 834.

If Ms. Altum claims that Mrs. Griffin must marshal clear and convincing evidence of Ms. Altum's knowledge and intent to defeat the Motion, Mrs. Griffin must be allowed a reasonable amount of time to discover that information from Ms. Altum and nonparties. While Ms. Altum overstates Mrs. Griffin's burden, it is true that the clear-and-convincing-evidence standard will inform the Court's analysis of the anti-SLAPP motion. Thus, Mrs. Griffin is entitled to discovery into material facts bearing on the issues raised in Ms. Altum's motion.

### B. Mrs. Griffin Seeks Discovery Material to Each Factual Challenge Ms. Altum Has Raised.

***Ms. Altum's Communications with the Times and Her Own Mental State.*** Ms. Altum states that she "did not seek out" the *Times* and spoke only "about her own lived experience," and that she neither knew her statements were false nor acted with

reckless disregard for the truth. Mot. at 14–15. Mrs. Griffin is entitled to test that testimony—the same kind of testimony *St. Amant* holds cannot "automatically insure a favorable verdict." 390 U.S. at 732. That requires all communications between Ms. Altum and any *Times* reporters, employees, or agents relating to Mrs. Griffin, *The Tell*, or the Complaint, and depositions of Ms. Altum, Ms. Rosman, and Ms. Egan. Ms. Rosman and Ms. Egan spent four months investigating in Mrs. Griffin's hometown before Ms. Altum ever surfaced, Compl. ¶¶ 8–10; what they told Ms. Altum, what she told them, and when, goes directly to whether her account was independently hers or assembled to fit a story the *Times* had already decided to tell.

***The Drafting and Circumstances of Ms. Altum's Nonparty Declarations.*** Ms. Altum's Motion rests substantially on declarations from Mr. Jennings, Ms. VanDenBosch, Ms. Barnett, and Ms. Shelton. Mot. at 4, 10–14. Mrs. Griffin is entitled to discovery into the drafting of those declarations—including prior drafts and communications between and among the declarants, Ms. Altum, and Ms. Altum's counsel, and to depose each declarant. Mrs. Griffin must be able to test the quality of a witness statement drafted by an interested party's counsel.

***The Alleged Contact Between Ms. Altum and Dominique Price.*** Ms. Altum's account depends on Dominique Price, who has already sworn under penalty of perjury that he never spoke with her, never communicated with Mrs. Griffin about her, and never posed as a "talent agent." Compl. ¶ 4; Ex. A ¶¶ 5, 15–16, 19–20. Mrs. Griffin is entitled to obtain all documents and communications concerning any alleged contact between Mr. Price and Ms. Altum.

***The Handwritten Note Ms. Altum Produced on June 10, 2026.*** Ms. Altum has produced a handwritten note that, on its face, places Mr. Price's first alleged contact with her after March 22, 2023—months after Mrs. Griffin recounted her memories to the police and circulated the book proposal for *The Tell*. Compl. ¶ 6 n.2, ¶¶ 29, 76 & Ex. F. Ms. Altum has previously asserted that despite the apparent date of the note, it was really written in 2022, and therefore supports her contention that Mrs. Griffin had used Mr. Price

to elicit the story Ms. Altum now claims was stolen from her. The authenticity and date of that note are directly relevant to whether Ms. Altum knew her account was false. Mrs. Griffin is entitled to all documents and communications concerning the note's creation and to access to the original for examination and testing by an ink-dating expert.

***Any Expert Ms. Altum Intends to Offer on Mrs. Griffin's Competency.*** Ms. Altum has signaled her intent to challenge Mrs. Griffin's competency to testify under Federal Rule of Evidence 602. Mot. at 3, 13–14. Nothing in the Motion or NRS 41.660 permits Ms. Altum to spring an unvetted expert opinion on Mrs. Griffin without discovery. If Ms. Altum intends to rely on such an expert, Mrs. Griffin is entitled to that expert's opinions, methodology, qualifications, and materials reviewed, and to depose the expert.

### C. Mrs. Griffin Requests Concrete, Material, and Discoverable Information held by Ms. Altum and Third Parties.

Every category of discovery identified above targets information Mrs. Griffin cannot obtain any other way. Ms. Altum's communications with the *Times*, the drafting history of her declarants' statements, the truth of any contact with Mr. Price, and the circumstances surrounding the handwritten note are not facts Mrs. Griffin possesses or can reconstruct from the public record. The relevant evidence is held by Ms. Altum and specific, identified third parties. That is precisely the circumstance in which courts are most reluctant to let a movant's own account stand unchallenged. *Khorrami*, 2002 WL 32875154, at *6; *Rogers*, 57 F. Supp. 2d at 985 (ordering discovery into a defendant's knowledge at the time of publication because that evidence was "solely within [defendant's] control"). While Ms. Altum has produced limited portions of communications she had with *The New York Times* in her California lawsuit, that lawsuit involves entirely different claims, and this Court has no power to assure that she has been fully responsive in those proceedings—something for which there is reason to have doubt.

**D. Mrs. Griffin Has Diligently Pursued Discovery in this Matter.**

Mrs. Griffin filed her Complaint on June 15, 2026. The parties had their Rule 26(f) conference on August 5, 2026. Since that time, the parties have been negotiating a proposed discovery plan and protective order with a deadline of September 2, 2026. The fact that Mrs. Griffin has not yet propounded discovery in this case is through no fault of her own. Additionally, while Mrs. Griffin and Ms. Altum are also in litigation in California, that case is still in its early stages and discovery into many of these matters has not yet been completed.

Without additional discovery, Mrs. Griffin is unable to probe the allegations contained in the declarations Ms. Altum submitted with her motion. Under Rule 56(d), Mrs. Griffin is entitled to probe Ms. Altum's evidence before summary judgment can be considered.

**IV. CONCLUSION**

For the foregoing reasons, Mrs. Griffin respectfully requests that the Court enter an order permitting her sufficient time to propound discovery and notice depositions to aid in Mrs. Griffin's response to the Motion. Mrs. Griffin presently anticipates serving the following document requests on Ms. Altum in connection with the Motion:

- All communications between Ms. Altum and any *New York Times* reporter, employee, or agent, including but not limited to Katherine Rosman and Elisabeth Egan, relating to Mrs. Griffin, *The Tell*, or this action;
- All documents and communications relating to the declarations of Ms. Altum, Mr. Jennings, Ms. VanDenBosch, Ms. Barnett, and Ms. Shelton submitted in support of the Motion, including all prior drafts and communications between and among the declarants, Ms. Altum, and Ms. Altum's counsel;
- All documents and communications concerning any alleged communication, contact, or interaction between Ms. Altum and Dominique Price, at any time;

- All documents and communications relating to the handwritten note produced on June 10, 2026, and attached as Exhibit F to the Complaint, including any metadata, communications, or testimony bearing on when and under what circumstances it was created, and access to the original note for examination by an expert;
- All communications and documents relating to any occasion on which Ms. Altum told any person, prior to June 17, 2025, that she is the individual identified as "Claudia" in *The Tell*, or that she was sexually abused by a teacher at Stephen Austin Middle School;[1]
- If Ms. Altum intends to offer an expert in connection with the Motion, all documents and communications concerning that expert, including the expert's opinions, methodology, qualifications, and the materials reviewed in forming those opinions.

Mrs. Griffin presently anticipates noticing the following depositions in connection with the Motion:

- Joleene Altum;
- Katherine Rosman;
- Elisabeth Egan;
- William Jennings;
- Tonya VanDenBosch;
- Dominique Price;
- LaRhonda Barnett; and
- Jody Shelton.

Mrs. Griffin further requests any other relief the Court deems just and proper.

DATED this 25th day of August, 2026.

---

[1] Mrs. Griffin takes no position on whether Ms. Altum has been sexually abused by a teacher or anyone else. Mrs. Griffin's position is only that Ms. Altum's claim that Mrs. Griffin stole her story of abuse is false and defamatory.

Respectfully submitted,

CLARE LOCKE LLP

By: /s/ Mitchell Langberg
Mitchell J. Langberg (#10118)
Thomas A. Clare*
Elizabeth M. Locke*
Eric D. Hageman*
* *Appearing* Pro Hac Vice

*Attorneys for Plaintiff Amy Griffin*

LR IA 11-1(b)(2) Designation (for service only):

Travis Chance, Esq.
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone: 702-464-7096
Facsimile: 702-382-8135
Email: tchance@bhfs.com