Mitchell J. Langberg, Nevada Bar No. 10118
Thomas A. Clare, P.C.*
Elizabeth M. Locke, P.C.*
Eric D. Hageman*
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
(202) 628-7401
mitch@clarelocke.com tom@clarelocke.com
libby@clarelocke.com
eric.hageman@clarelocke.com
* *Appearing* Pro Hac Vice

*Attorneys for Plaintiff*
*Amy Griffin*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Amy Griffin<br><br>Plaintiff,<br><br>vs.<br><br>Joleene Altum,<br><br>Defendant. | Case No.: 2:26-cv-01811-GMN-DJA<br><br>**DECLARATION OF MITCHELL J. LANGBERG IN SUPPORT OF PLAINTIFF'S MOTION TO EXTEND THE BRIEFING SCHEDULE ON DEFENDANT'S SPECIAL MOTION TO STRIKE BY 60 DAYS TO CONDUCT DISCOVERY PURSUANT TO FED. R. CIV. P. 56(d)** |

I, Mitchell J. Langberg, declare as follows:

1. I am an attorney at law licensed to practice in the State of Nevada, and I am counsel of record for Plaintiff Amy Griffin in the above-captioned action. I am one of the attorneys responsible for handling this matter on Mrs. Griffin's behalf, including the meet-and-confer efforts described below. I have personal knowledge of the matters set forth in this Declaration, except where stated on information and belief, and could and would competently testify to them under oath if called as a witness.

2. ***Good cause exists to have this motion heard on shortened time pursuant to LR IA 6-1(d) because Defendant first filed her anti-SLAPP motion on Monday, August 17, 2026, at 3:40 pm Pacific Time. Mrs. Griffin's counsel promptly reviewed the motion and conducted the research necessary to engage in a meaningful meet and confer. The issue to be resolved by this motion—whether time should be permitted to allow Rule 56(d) discovery before an opposition to the anti-SLAPP motion—could not have been decided on regular time even if Mrs. Griffin had filed this motion the day after the anti-SLAPP motion was filed. Mrs. Griffin brings this motion after conducting the necessary review and making a good faith effort to resolve the issue informally. However, if the matter is not heard on shortened time, Mrs. Griffin's opposition to the anti-SLAPP motion will be due before this matter is decided.***

3. On June 15, 2026, Plaintiff Amy Griffin filed her Complaint in this action against Defendant Joleene Altum, alleging that Ms. Altum defamed Mrs. Griffin by falsely telling *The New York Times* that Mrs. Griffin stole Ms. Altum's story of childhood sexual abuse and built her bestselling memoir, *The Tell*, on it.

4. Ms. Altum has filed a Special Motion to Strike under Nevada's anti-SLAPP statute, NRS 41.660 (ECF No. 32) (the "Motion"). The Motion asks the Court to resolve Mrs. Griffin's claims "under the Rule 56 standard" and to hold that Mrs. Griffin "cannot prove falsity or actual malice by clear and convincing evidence." Mot. at 13, 15. In support, Ms. Altum submitted declarations from herself and four nonparty witnesses—William Jennings, Tonya VanDenBosch, LaRhonda Barnett, and Jody Shelton—addressing the truth of her accusations and her own mental state. Mot. at 4, 10–15. Ms. Altum has also signaled her intent to offer expert

testimony challenging Mrs. Griffin's competency under Federal Rule of Evidence 602. Mot. at 3, 13–14.

5. The parties have held a Rule 26(f) conference, and the discovery period in this action is currently open. Mrs. Griffin's deadline to oppose the Motion is currently August 31, 2026, which does not provide sufficient time to obtain the discovery described below.

6. On August 22, 2026, co-counsel Eric Hageman and I sent counsel for Ms. Altum a detailed letter identifying the discovery Mrs. Griffin requires to oppose Ms. Altum's anti-SLAPP factual challenges, and proposing a 60-day discovery period. A true and correct copy of that letter is attached hereto as Exhibit 1. The letter requested a response by 9:00 a.m. Pacific Time on August 25, 2026.

7. On August 25, 2026, California counsel for Ms. Altum refused that request. A true and correct copy of his email is attached hereto as Exhibit 2.

8. Mrs. Griffin cannot yet present evidence responding to Ms. Altum's declarations, her communications with the *Times*, or the handwritten note described below, because no discovery directed at any of that information has taken place. Mrs. Griffin's counsel sent the discovery letter within days of the parties' Rule 26(f) conference. This Motion is filed the same day that Ms. Altum's counsel refused to agree to an extension to conduct discovery.

9. Good cause exists for the Court to grant this Motion and permit Mrs. Griffin to conduct the discovery identified below before she is required to oppose the Motion. The information necessary to oppose Ms. Altum's fact-based Motion, which includes her communications with the *Times*, the drafting history of her declarants' statements, and her mental state (knowledge of falsity or reckless disregard for truth) when she made the defamatory statements is overwhelmingly within Ms. Altum's and third parties' control. Mrs. Griffin has diligently sought this discovery, including through my August 22, 2026 letter.

10. Mrs. Griffin also intends to take the depositions of the third parties on whose accounts Ms. Altum relies in the Motion (her nonparty declarants William Jennings, Tonya VanDenBosch, LaRhonda Barnett, and Jody Shelton), each of whom possesses information central to the truth of Ms. Altum's accusations and her own state of mind.

11. If the Court grants the relief requested, Mrs. Griffin intends to take the following discovery, each of which is directed at a specific factual assertion in Ms. Altum's Motion:

(a) documents and communications between Ms. Altum and any *New York Times* reporter, employee, or agent relating to Mrs. Griffin, *The Tell*, or this action;

(b) documents and communications relating to the declarations of Ms. Altum, Mr. Jennings, Ms. VanDenBosch, Ms. Barnett, and Ms. Shelton, including prior drafts and communications among the declarants, Ms. Altum, and her counsel;

(c) documents and communications relating to the handwritten note Ms. Altum produced on June 10, 2026, in a related California action, including any information bearing on its creation, and access to the original for examination by an ink-dating expert;

(d) documents and communications relating to any occasion, prior to June 17, 2025, on which Ms. Altum told any person that she is "Claudia" in *The Tell*, or that she was sexually abused by a teacher at Stephen Austin Middle School;

(e) if Ms. Altum intends to offer an expert in connection with the Motion, documents and communications concerning that expert, including the expert's opinions, methodology, qualifications, and materials reviewed; and

(f) the depositions of Ms. Altum, Ms. Rosman, Ms. Egan, Mr. Jennings, Ms. VanDenBosch, Ms. Barnett, and Ms. Shelton.

12. The discovery identified above will produce evidence material to whether Ms. Altum's statements about Mrs. Griffin were false and made with actual malice, and that this evidence is necessary for Mrs. Griffin to oppose the Motion. Absent this discovery, Mrs. Griffin will be forced to oppose a fact-based motion invoking a clear-and-convincing evidentiary standard without access to information that only Ms. Altum and specific third parties possess.

13. For these reasons, Mrs. Griffin respectfully requests that the Court grant her request to extend the deadline to oppose the Motion by 60 days, to October 30, 2026, to allow her to conduct the discovery identified above.

14. It is anticipated that Ms. Altum will oppose this Motion.

15. On August 25, 2026, at approximately 11:50 am Pacific Time, Mr. Hageman provided email notice to counsel for Ms. Altum that this motion would be filed today.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 25th day of August, 2026, at Las Vegas, Nevada.

/s/ Mitchell J. Langberg

Mitchell J. Langberg

# Exhibit 1

**ERIC D. HAGEMAN**
eric.hageman@clarelocke.com
(202) 899-3872

CLARE LOCKE
LLP

**MITCHELL LANGBERG†**
mitch@clarelocke.com
(202) 899-3875

10 Prince Street
Alexandria, Virginia 22314

(202) 628-7400

www.clarelocke.com

August 22, 2026

Via Email

Christopher M. Keller, Esq.
Hawkins Melendrez, P.C.
1645 Village Center Circle, Suite 160
Las Vegas, Nevada 89134
ckeller@hawkinsmelendrez.com

**Re: Meet-and-Confer Regarding Anti-SLAPP Discovery**

Dear Mr. Keller:

We write regarding Ms. Altum's Special Motion to Strike Under Nevada Revised Statutes 41.660 in *Griffin v. Altum*, No. 2:26-cv-01811-GMN-DJA, Dkt. 32 (D. Nev.) (the "Motion"). As you know, the Motion attacks the factual sufficiency of Mrs. Griffin's complaint, which authorizes Mrs. Griffin to propound discovery sufficient to test Ms. Altum's evidence and to develop her own evidence. We assume that you are aware of this fact and write to summarize what we currently believe this discovery might entail.

The Motion raises several factual arguments under Nevada's anti-SLAPP statute, NRS 41.635 *et seq.* The Ninth Circuit has directed that anti-SLAPP motions in federal court must be considered under Rule 12(b) and Rule 56 standards. *See* Mot. at 15. Among other things, Ms. Altum's Motion asks the Court to address the factual sufficiency of Mrs. Griffin's claim "under the Rule 56 standard" and to find that Mrs. Griffin "cannot prove falsity or actual malice by clear and convincing evidence." *Id.* at 13, 15. Where, as here, an anti-SLAPP motion attacks the factual sufficiency of a claim, "discovery must be allowed." *Planned Parenthood Federation of Am. v. Ctr. for Medical Progress*, 890 F.3d 828, 834 (9th Cir. 2018); *see also Toll v. Wilson*, 135 Nev. 430, 453 P.3d 1215 (2019); *Wynn v. Nielsen*, 2023 WL 8886437 (Nev. Dec. 22, 2023. As you know, inquiries into actual malice are necessarily fact-intensive.

Here, Mrs. Griffin is entitled to discovery regarding the nonparty declarations Ms. Altum has submitted. Mot. at 4, 10–14. Similarly, it appears Ms. Altum may intend to offer an expert witness to testify to Mrs. Griffin's competency under Federal Rule of Evidence 602. *See* Mot. at 3,

†Admitted in California and Nevada. Not admitted in Virginia.

13–14. Mrs. Griffin is entitled to expert discovery on this topic. Finally, Ms. Altum submitted two declarations of her own, asserting, among other things, that she "did not seek out the Times" and spoke "about her own lived experience." Mot. at 14–15. She further testifies that she did not know her statements were false and did not act with reckless disregard for the truth. Mrs. Griffin is entitled to test that testimony, too, and to engage in discovery regarding Ms. Altum's state of mind. This includes discovery into all communications between Ms. Altum and *The New York Times* and any related documents. It further includes discovery into the full circumstances surrounding the handwritten note Ms. Altum produced on June 10, 2026, in the California action, including ink-dating expert discovery. That note's authenticity and timing are directly relevant to whether Ms. Altum acted with actual malice. *See* Compl. ¶ 76 & Ex. F.

None of this should be read to concede that this evidence should be considered in connection with Ms. Altum's Motion. We do not believe any of the evidence Ms. Altum has proffered is relevant to whether Mrs. Griffin can establish a *prima facie* case sufficient to defeat the Motion, nor do we believe that it is appropriate to test Mrs. Griffin's qualification under FRE 602 at this stage.

In sum, to the extent the Court can consider Ms. Altum's evidence at all, Mrs. Griffin is entitled to test it. Beyond that, Mrs. Griffin is entitled to the discovery necessary to make her own factual showing on the elements of her claim, including, but not limited to, actual malice. Therefore, Mrs. Griffin is entitled to the production of the following materials from Ms. Altum:

- All communications between Ms. Altum and any *New York Times* reporter, employee, or agent, including but not limited to Katherine Rosman and Elisabeth Egan, relating to Mrs. Griffin, *The Tell*, or *The Billionaire, the Psychedelics and the Best-Selling Memoir*;
- All documents and communications relating to the declarations of Ms. Altum, Jennings, VanDenBosch, Barnett, and Shelton submitted in support of Ms. Altum's Special Motion to Strike, including all prior drafts, notes, and communications between and among the declarants, Ms. Altum, and Ms. Altum's counsel;
- All documents and communications concerning any alleged communication, contact, or interaction between Ms. Altum and Dominique Price, including correspondence, call logs, text or direct messages, notes, and any other records reflecting or referencing actual or attempted contact between them, at any time;
- All documents and communications relating to the handwritten note produced on June 10, 2026, and attached as Exhibit F to the Complaint, including any metadata, communications, or testimony bearing on when and under what circumstances it was created;
- Access to the original handwritten note for examination by an expert;
- All communications and documents relating to any occasion on which Ms. Altum told any person prior to June 17, 2025, that she is the individual identified as "Claudia" in *The Tell*, or that she was sexually abused by a teacher at Stephen Austin Middle School;

- If Ms. Altum intends to offer an expert in connection with the Motion, all documents and communications concerning any such expert Ms. Altum intends to offer, including that expert's opinions, methodology, qualifications, and the materials reviewed in forming those opinions.

Mrs. Griffin is also entitled to depose:

- Ms. Altum;
- Katherine Rosman;
- Elisabeth Egan;
- William Jennings;
- Tonya VanDenBosch;
- Dominique Price;
- LaRhonda Barnett; and
- Jody Shelton.

Accordingly, Mrs. Griffin requests that Ms. Altum stipulate to (1) a discovery period of 60 days for Mrs. Griffin to obtain the discovery described above and (2) a stay of briefing on Ms. Altum's Special Motion to Strike until that discovery is complete. Please advise no later than 9:00 a.m. Pacific Time on Tuesday, August 25, 2026, whether Ms. Altum will agree to these stipulations. If she is not inclined to agree, we are happy to meet and confer tonight, tomorrow, or Monday, in a good-faith effort to avoid the need for judicial intervention.

All rights reserved.

Yours,

Eric D. Hageman

Mitchell Langberg

# Exhibit 2

**Tuesday, August 25, 2026 at 12:07:47 PM Pacific Daylight Time**

**Subject:** Re: Anti-SLAPP Discovery
**Date:** Tuesday, August 25, 2026 at 10:34:23 AM Pacific Daylight Time
**From:** Zach Rosenblatt <zach@zsrlawfirm.com>
**To:** Eric Hageman <Eric.hageman@clarelocke.com>
**CC:** Christopher Keller <ckeller@hawkinsmelendrez.com>, Mitch Langberg <mitch@clarelocke.com>

Eric:

I have received your correspondence and, candidly, the request confuses me. Our anti-SLAPP motion and prior motion to dismiss rest primarily on pure legal arguments; they raise factual grounds only in the alternative. Further, we reiterate our position that this entire lawsuit constitutes forum shopping, misuses federal jurisdiction, and serves to bleed out our client through protracted and duplicative litigation. Accordingly, we respectfully decline your request for an extension on the anti-SLAPP motion. As to the remaining meet and confer, I am currently recovering from COVID and require time to restore my health. I will contact you to reschedule once I have recovered.

Regards,

Zach S. Rosenblatt.

On Tue, Aug 25, 2026 at 8:06 AM Eric Hageman <Eric.hageman@clarelocke.com> wrote:

> Chris - Mitch and I can clear our calendars today, but, because this involves an OST, we will need to file our motion no later than 2:30 Pacific. Please let me know whether you and/or Zach and can make yourselves available so we can try to save the Court some work here. Thanks.
>
> Eric Hageman | Partner
> CLARE LOCKE LLP
> 10 Prince Street | Alexandria, Virginia 22314
> (202) 899-3872 – office | (202) 731-2626 – cell
> eric.hageman@clarelocke.com | www.clarelocke.com
>
> **From:** Eric Hageman <Eric.hageman@clarelocke.com>
> **Date:** Monday, August 24, 2026 at 5:51 PM
> **To:** Christopher Keller <ckeller@hawkinsmelendrez.com>
> **Cc:** Zach Rosenblatt <zach@zsrlawfirm.com>; Mitch Langberg <mitch@clarelocke.com>
> **Subject:** Re: Anti-SLAPP Discovery
>
> Thanks for your note, Chris. And very sorry to hear that Zach is under the weather. Tomorrow should be fine. Would 10:30 pacific work for you?
>
> On Aug 24, 2026, at 17:42, Christopher Keller <ckeller@hawkinsmelendrez.com> wrote:

Eric:

Zach has been recovering from Covid. I do not think we can schedule a meet and confer prior to tomorrow. Is there a time tomorrow that you would like to look to have a call?

Thanks!

Sincerely,

*Christopher M. Keller*

Christopher M. Keller, Esq., Of Counsel
<image.png>

1645 Village Center Circle, Ste. 160
Las Vegas, NV 89134
Tel.: 702-318-8800
Fax.: 702-318-8801
ckeller@hawkinsmelendrez.com

IMPORTANT: This communication and attachments may be: (1) subject to the Attorney/Client Privilege, (2) an attorney work product, and/or (3) strictly confidential. If you are not the intended recipient or an authorized representative of the recipient of this message, I did not intend to waive and do not waive any privileges or the confidentiality of this transmission, and you are hereby notified that any dissemination of this communication is strictly prohibited. You may not disclose, print, copy or disseminate this message and any attachments. If you have received this in error, please reply and notify the sender (only) at ckeller@hawkinsmelendrez.com or via telephone at 702.318.8800 and delete the message. Unauthorized interception of this email is a violation of federal criminal law.
This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transmissions.
Think Green. Save Green. Please consider the environment before printing this e-mail.

---

**From:** Eric Hageman <Eric.hageman@clarelocke.com>
**Sent:** Saturday, August 22, 2026 5:43 PM
**To:** Christopher Keller <ckeller@hawkinsmelendrez.com>; Zach Rosenblatt <zach@zsrlawfirm.com>
**Cc:** Mitch Langberg <mitch@clarelocke.com>
**Subject:** Anti-SLAPP Discovery

Chris, Zach - Hope your week went well. I am attaching a letter outlining our

position on discovery related to your anti-SLAPP motion. Because our opposition deadline is a week from Monday, we will have to resolve this one quickly. I can make myself available tomorrow or Monday.

I am also attaching a draft of the discovery plan that contains the scope-limiting language we discussed Tuesday. It is paragraph 3(d) in this draft. We realize anti-SLAPP discovery will affect the dates we have put forward. We look forward to further discussion on that topic.

Finally, we look forward to seeing the language you propose to narrow the protective order and to hearing Ms. Altum's views on the discovery period, as we discussed Tuesday.

Yours,
Eric

Eric Hageman | Partner
CLARE LOCKE LLP
10 Prince Street | Alexandria, Virginia 22314
(202) 899-3872 – office | (202) 731-2626 – cell
eric.hageman@clarelocke.com | www.clarelocke.com