Mitchell J. Langberg, Nevada Bar No. 10118
Thomas A. Clare, P.C.*
Elizabeth M. Locke, P.C.*
Eric D. Hageman*
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
(202) 628-7401
mitch@clarelocke.com
tom@clarelocke.com
libby@clarelocke.com
eric.hageman@clarelocke.com
* *Appearing* Pro Hac Vice

*Attorneys for Plaintiff*
*Amy Griffin*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Amy Griffin<br><br>Plaintiff,<br><br>vs.<br><br>Joleene Altum,<br><br>Defendant. | Case No.: 2:26-cv-01811-GMN-DJA<br><br>**MOTION TO SEAL EXHIBIT 1 (ECF 37-1) TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S SPECIAL MOTION TO STRIKE** |

Plaintiff Amy Griffin hereby moves for an order sealing Exhibit 1 (ECF No. 37-1) to Plaintiff's Opposition to Defendant's Special Motion to Strike, pursuant to LR IA 10-5(a):

1. On August 17, 2026, Defendant Joleene Altum filed a Special Motion to Strike Plaintiff's Complaint Under NRS 41.660 (the "Special Motion to Strike"). (ECF No. 32.) On August 31, 2026, Plaintiff filed her opposition to the Special Motion to Strike (the "Opposition"), together with the Declaration of Amy Griffin and the exhibits thereto. (ECF No. 37-1.)

2. Exhibit 1-N to the Declaration of Amy Griffin (the "Exhibit"), ECF 37-1, contains identifying information regarding the individual who is pseudonymized in Plaintiff's book, *The Tell*, as "Mr. Mason." Mr. Mason is the teacher Plaintiff has described as having sexually abused her when she was a child.

3. The inclusion of this information in the Exhibit was inadvertent. Neither Plaintiff nor Plaintiff's counsel intended to disclose his true name in this litigation. Plaintiff's counsel did not appreciate at the time of filing that the Exhibit contained it and raised the matter with Defendant's counsel promptly upon discovering the error. Plaintiff sought Defendant's consent to this Motion. As of the time of this filing, Defendant has not consented to or expressed any intention to oppose this Motion.

4. Plaintiff deliberately withheld this information from *The Tell* and referred to Mr. Mason throughout the book only by pseudonym. *The Tell* also deliberately withheld other information that could have been used to identify Mr. Mason. Mr. Mason is not a party to this action.

5. The information is also immaterial to the Special Motion to Strike. Plaintiff's use of the Exhibit in no way relates to Mr. Mason's identity, and the Exhibit serves its evidentiary purpose in full without the information.

6. No stipulated protective order has been entered in this action.

7. Judicial records are subject to a strong presumption of public access. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal

citations omitted). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). "District courts within the Ninth Circuit have found that a party's legitimate interest in ensuring the privacy of personal information outweighs the public's interest in access to court filings." *Richter v. Oracle Am., Inc.*, 2023 WL 5663217, at *2 (N.D. Cal. Aug. 30, 2023); *see also Leavitt v. Neven*, 2015 WL 1038047, at *4 (D. Nev. Mar. 9, 2015).

8. Here, because Mr. Mason's identity is immaterial to the pending motion, there is no public interest in his true name. The public's interest lies in understanding the evidence and argument bearing on the Court's resolution of the Special Motion to Strike, and that interest is unaffected by the proposed redaction.

9. The relief Plaintiff seeks is narrowly tailored. Plaintiff will publicly file a redacted version of the Exhibit that withholds only Mr. Mason's true name and information that would identify him, leaving the remainder of the Exhibit, the whole of the Opposition, the Declaration of Amy Griffin, and the parties' briefing fully available to the public. Only the unredacted version of the Exhibit would be maintained under seal.

10. Accordingly, Plaintiff respectfully requests that the Court enter an order: (a) directing the Clerk of Court to seal the previously filed, unredacted version of Exhibit 1 to the Declaration of Amy Griffin (ECF No. 37-1) and to restrict access to it to the Court and counsel of record; (b) granting Plaintiff leave to maintain the unredacted version of Exhibit 1 under seal; and (c) directing Plaintiff to file publicly, within five days of the Court's order, a redacted version of Exhibit 1 that withholds only Mr. Mason's true name and information that would identify him.

Dated: September 3, 2026

Respectfully submitted,

CLARE LOCKE LLP

By: /s/ Mitchell J. Langberg
Mitchell J. Langberg (#10118)
Thomas A. Clare, P.C.*
Elizabeth M. Locke, P.C.*
Eric D. Hageman*
10 Prince Street
Alexandria, VA 22314
(202) 628-7401
mitch@clarelocke.com
tom@clarelocke.com
libby@clarelocke.com
eric.hageman@clarelocke.com
* *Appearing* Pro Hac Vice

*Attorneys for Plaintiff*
*Amy Griffin*

LR IA 11-1(b)(2) Designation (for service only):

Travis Chance, Esq.
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone: 702-464-7096
Facsimile: 702-382-8135
Email: tchance@bhfs.com