**Zach Rosenblatt (SNB# 345034)**
**ZSR LAW**
406 Broadway, #125
Santa Monica CA 90401
Telephone: (310)-529-1213
Email: zachsrosenblatt@gmail.com
Attorney for JOLEENE ALTUM
*Pro hac Vice*

**DISTRICT COURT OF THE UNITED STATES**

**STATE OF NEVADA**

| | |
|---|---|
| AMY GRIFFIN.,<br>Plaintiff,<br><br>vs.<br><br>JOLEENE ALTUM<br>Defendants, | **Case No.: 2:26-cv-01811-GMN-DJA**<br><br>**DEFENDANT ALTUM'S OBJECTION TO GRIFFIN'S SURREPLY: ECF 47; 47-1; AND 47-2;** |

**OBJECTION TO ECF No 47; 47-1; and 47-2**

Briefing on the Special Motion to Strike closed on September 8, 2026. LR 7-2(b). A week later, Plaintiff sought leave to file fifteen more pages of argument on that motion (ECF No. 47-1) plus a six-page argument table styled an "Appendix" (ECF No. 47-2). That is a surreply: surreplies are not permitted without leave of court; motions for leave to file a surreply are discouraged. LR 7-2(b); see also LR 7-2(g) (no supplemental briefs, authorities, or evidence without leave for good cause; the Court "may strike supplemental filings made without leave").

In addition, Ms. Altum contends the filings should be struck and motion for leave denied for the following reasons:

1. No new matter: Leave lies "only to address new matters raised in a reply to which a party would otherwise be unable to respond." *Kanvick v. City of Reno*, 2008 WL 873085, at *1 n.1 (D. Nev. Mar. 27, 2008) (Plaintiff's own authority). Defendant's objections address declarations and exhibits Plaintiff filed with her opposition; Rule 56(c)(2) authorizes them, and a reply is the only place they can be made; See, e.g.; *Lasko v. Am. Bd. of Surgery*, 2014 WL 300930 at *1, 2014 U.S. Dist. LEXIS 11740 at *3 (D. Nev. Jan. 27, 2014). Here, the evidentiary issues contained in Griffin's declaration, her transcript, her hearsay account of events , and her competency as a witness were all foreseen and raised throughout all previous papers. As such, the present surreply is Griffin's attempt to have the last word. *Smith v. United State*s, 2014 WL 1301357, at *5 (D. Nev. Mar. 28, 2014)

2. Plaintiff already responded. Her reply the same day argues Rules 56(c)(2), 56(d), and 12(d) and addresses ECF Nos. 44 and 45 by name. (ECF No. 48 at 2–6.) Section IX of the proposed surreply repeats it. Cumulative briefing is not good cause. *Tesla, Inc. v. Tripp*, 487 F. Supp. 3d 953 at 969 (D. Nev. 2020). ("[o]nly the most exceptional or extraordinary circumstances warrant permitting a surreply to be filed." ); *Stevens v. Prentice,* Case No. 2:17-cv-970-JCM-PAL, 2018 WL

3758577, at *1 (D. Nev. Aug. 8, 2018)( surreplies "are not permitted without leave of court[.]" LR 7-2(b). "[M]otions for leave to file a surreply are discouraged." *Id.* Courts in this district have held that the "[f]iling of surreplies is highly disfavored, as it typically constitutes a party's improper attempt to have the last word on an issue ...." *Smith v. United States*, No. 2:13-cv-039-JAD-GWF, 2014 WL 1301357, at *5 (D. Nev. Mar. 28, 2014) (citing *Avery v. Barsky*, No. 3:12-cv-00652-MMD, 2013 WL 1663612 (D. Nev. Apr. 17, 2013));.

3. <u>It reargues the merits</u>. Plaintiff says her filing "does not reargue the merits" (ECF No. 47 at 3), yet Section II briefs prima facie falsity under NRS 41.660(3)(b) and Section IX reargues the Rule 56(d) motion at ECF No. 35. (ECF No. 47-1 at 2–4, 14.) Surreplies are "highly disfavored, as [they] typically constitute[] a party's improper attempt to have the last word on an issue." *Smith v. United States*, 2014 WL 1301357, at *5 (D. Nev. Mar. 28, 2014).( Further stating "allowing a party to file supplemental arguments and evidence whenever they wish it would subvert the local rules that are in place to ensure timely responses")

4. <u>It evades LR 7-3</u>. Plaintiff's response was capped at 24 pages and Defendant's reply at 12. LR 7-3(b). These filings add some 21 pages after briefing closed, without the pre-deadline motion and declaration LR 7-3(c) requires. LR 7-3(a) ("[p]arties must not circumvent this rule").

5. <u>No prejudice</u>. If Plaintiff thinks any part of ECF Nos. 44 or 45 exceeds the scope of an objection, the remedy is to disregard it, not to add briefing. In addition, proper practice is to seek leave prior, not simultaneously whereby the party *assumes* the Court will grant the surreply and assumes the Court will consider the fugitive documents on the merits. If the case were otherwise the local rules would be rendered futile.

As such, Defendant requests that the Court deny and strike ECF No. 47 and therefore decline to consider ECF Nos. 47-1 and 47-2. In the alternative, ff leave is granted, Defendant requests seven days to file a ten-page response

DATED: September 21, 2026 **ZSR LAW**

/s/ Zach Rosenblatt
Zach Rosenblatt
ZSR LAW
Attorney for Defendant JOLEENE
ALTUM (pro hac vice)